# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER W. FAIRCLOTH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:19-CV-2984 JCH |
| CHANTAY GODERT, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Christopher W. Faircloth (Missouri inmate number 1262251) for leave to commence this civil action without prepayment of the filing fee. ECF No. 2. While incarcerated, plaintiff has brought three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

### The Complaint

Plaintiff is a *pro se* litigant currently incarcerated at the Farmington Correctional Center ("FCC"), but he was previously incarcerated at the Northeast Correctional Center ("NECC") located in Bowling Green, Missouri. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against eight Missouri Department of Corrections ("MDOC") employees, including: both the FCC and NECC Wardens, the FCC Assistant Warden, two NECC mailroom employees, two FCC mailroom employees, and the MDOC Deputy Division Director. His claims are brought against all defendants in both their individual and official capacities.

Plaintiff alleges that FCC and NECC mailroom employees have been tampering with his mail. Plaintiff asserts that he has not received correspondence sent to him from his sexual addicts anonymous program sponsor and free newspapers and magazines to which he subscribes. He also claims that some of his mail and catalogs are being improperly and inconsistently censored by the MDOC. In some cases, he claims that there is nothing in the material that requires censorship under MDOC policy. In other cases, he claims he could receive some things while at FCC that he cannot at NECC. Plaintiff alleges violations of his First Amendment rights in the improper censorship, inconsistent application of censorship policies across MDOC facilities, and the defendants' claims that his mail was "lost" when he asserts that it was not.

For relief, plaintiff requests a declaratory judgment against the defendants, a preliminary and permanent injunction to stop mail tampering and theft by defendants, and money damages.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had three previous cases dismissed on the basis of frivolity, maliciousness, or for failure to state a claim. As such, his motion to proceed *in forma pauperis* will be denied and his case dismissed without prejudice.

**A. Three Strikes Rule: 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while

> incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B. Plaintiff's Previous "Strikes"

Review of this Court's files reveals that plaintiff has accumulated three strikes. In case number 2:16-CV-33-JMB, plaintiff filed a 28 U.S.C. § 1983 civil rights action that was dismissed for failure to state a claim on September 2, 2016, while plaintiff was a prisoner at NECC. In case number 2:18-CV-28-DDN, plaintiff filed a § 1983 civil rights action that was dismissed for failure to state a claim and/or because it was legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), on June 11, 2018, while plaintiff was incarcerated at the FCC. Finally, in case number 4:19-CV-637-AGF, plaintiff filed a § 1983 civil rights action that was dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), on June 24, 2019, while plaintiff was incarcerated at FCC.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal in a civil case must be filed with the district clerk within thirty (30) days after entry of the judgment or order appealed from. Plaintiff has filed no notice of appeal in his third "strike" case and the time for doing so has passed. The instant case was filed with the Court on November 4, 2019 – after plaintiff had waived his right to appeal his third "strike" case. Therefore, plaintiff had three strikes at the time he filed this suit. As a result, this Court would be unable to permit plaintiff to proceed

3

*in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### C. Imminent Danger

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

Plaintiff does not allege that he is in imminent danger. All of his claims relate to alleged mail tampering, mail theft, and mail censorship. There are no allegations that could constitute imminent danger of serious physical injury. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of November, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE